**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| IN THE MATTER OF: | * | CASE NO. 06-66641-PWB |
| | * | |
| Cassandra Kirk | * | CHAPTER 13 |
| | * | |
| | * | |
| | * | |
| DEBTOR(S). | * | |

**FOURTH AMENDED CHAPTER 13 PLAN**

Extension  []                                                                                              Composition  [X]

      **You should read this Plan carefully and discuss it with your attorney.  Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.**  Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.**  Debtor will pay the sum of **$753.00 per month** to Trustee by [X] Payroll Deduction(s) or by [] Direct  Payment(s) for the applicable commitment period of **60** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months.  See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4).  Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i)and § 1326(a)(1)(C).

      The following alternative provision will apply if selected:

          []  IF CHECKED, Plan payments will increase by _____ in _____ upon completion or termination of _____.

3. **Claims Generally.  The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.**  An allowed proof of claim will be controlling, unless the Court orders otherwise.  Objections to claims may be filed before or after confirmation.

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

      (A).  T**rustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

      (B).  **Debtor's Attorney's Fees**. The attorney fees to be paid by Debtor are in the amount of  $2500.00 for services rendered in the case.  Prior to the filing of the case the attorney received $0.00.  The balance of fees shall be disbursed by the trustee as follows: (a) upon the first disbursement of the plan following confirmation of a plan, the trustee shall disburse up to $2500.00 after the payment of adequate protection payments and

administrative fees. The remaining balance of the fees shall be paid up to $494.00 per month until the fees are paid in full; (b) If the case is dismissed or converted to chapter 7 or 11 prior to confirmation of the plan, the trustee shall pay fees up to $2500.00 from available funds.

5. **Priority Claims.**

   (A). **Domestic Support Obligations.**

      [X] None. If none, skip to Plan paragraph 5(B).

      (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

      (ii). The name(s) and address(es) of the holder of any domestic support obligation areas follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

      (iii). Anticipated Domestic Support Obligation Arrearage Claims(a). Unless other wise specified in this Plan, priority claims under 11 U.S.C.§ 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   [X] None; or

| (a) Creditor (Name and Address) | (b) Estimated arrearage claim | (c) Projected monthly arrearage payment |
|---|---|---|
|  |  |  |

      (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

      [X] None; or
Claimant and proposed treatment: _____

   (B). **Other Priority Claims** (e.g., tax claims). These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a) Creditor | (b) Estimated claim |
|---|---|
|  |  |

**6. Secured Claims**.

   **(A) Claims Secured by Personal Property Which Debtor Intends to Retain**

      **(i) <u>Pre-confirmation adequate protection payments.</u>**
No. later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, the Debtor shall make the following Section 1326(a)(1)(C) adequate protection payments on allowed claims to the Trustee pending confirmation of the plan.

Each creditor listed below shall have an administrative lien on such payment(s), subject to objection.

Debtor shall make the following adequate protection payments:

    [ ]    directly to the creditor;

    [X]    or to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
|---|---|---|
| Capital One Auto Finance | 2005 Jeep Liberty | $184.00 |
| Georgia Federal Credit Union | 2003 Motorcycle | $10.00 |

**(ii) Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which Section 506 Valuation is NOT Applicable.**
Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, a purchase money security interest in any other thing of value incurred within 1 year of filing. *See* Section 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment(s) listed in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

[ ] None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Claim amount | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| Capital One Auto Finance | 2005 Jeep Liberty | January 2005 | $25801.00 | 8.5% | $184.00 to $581.00 beginning February 2007 |

(b) **Claims to which section 506 Valuation is Applicable.**
Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(a)(i)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment(s) listed in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value

C&W Chapter 13 Plan Page 3

indicated below will be treated as an unsecured claim.  Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court.  Payments distributed by the Trustee are subject to the availability of funds.

[X]  None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

(c). **Other provisions.**

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.**  (i) Debtor will make all post-Petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due.  These regular mortgage payments, which may be adjusted up or down as provided under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. (ii) Upon full payment of Debtor's Attorney's fees, Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full.  Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor | (b) Property description | (c) Estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|
| Countrywide Home Loans | Residence | $3081.00 | $0.00 to $96.00 beginning February 2007 |
| Citifinancial Services, Inc. | Residence | $0.00 | $0.00 |

(C).  **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan.  Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured.  Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c).  Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral.  Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
|  |  |

7. **Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $28983.00.  After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $0.00 or **1%**, whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.**  The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

[X]  None; or

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
|  |  |  |  |

9. **Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10. **Other Provisions:**

    **(A). Special classes of unsecured claims.**

    **(B). Other direct payments to creditors.**

    **Student loan debt owed to Great Lakes Educational is to be paid directly by Debtor as it becomes due post-petition.**

    **(C). If this is a composition plan, then Debtor(s) shall pay the Standing Chapter 13 Trustee all tax refunds received by Debtor(s) within the applicable commitment period.**

    **(D).  Any creditors which are to be paid directly under this plan are authorized and encouraged to send monthly billing statements to the debtor(s) at the mailing address on record with the Bankruptcy Court in this case.**

    **(E). Motorcycle financed by Georgia Federal Credit Union was stolen and will be paid for with insurance proceeds the Debtor anticipates receiving.**


Dated: ___August 29, 2006_____          Signed s/_____
                                                      Cassandra Kirk



                                            By: s/_____
                                                  Melissa A. Herman
                                                  Attorney for the Debtor
                                                  GA Bar No. 348378

Clark & Washington, PC
3300 NE Expressway
Building 3
Atlanta, GA 30341
(404) 522-2222